**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MATTHEW CARLEY, | : | |
| | : | Civil Action No. 07-5276 (KSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DETECTIVE TKACH, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Matthew Carley, Pro Se
Passaic County Jail
11 Marshall Street
Paterson, NJ 07501

**HAYDEN**, District Judge

    Plaintiff Matthew Carley, a pretrial detainee confined at the Passaic County Jail in Paterson, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff paid the filing fee.

    At this time, the court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A.

## BACKGROUND

The following factual allegations are taken from plaintiff's complaint and are accepted as true for purposes of this review.

Plaintiff states that on August 16, 2005, two complaints-warrants were issued against him by officers of the Clifton Police Department. Later that day, plaintiff reported to the Scotch Plains Police Department to answer questions about an incident the previous night, and was arrested on the warrants. He was transported to Clifton. Plaintiff states that he was not informed that he was under arrest or of the warrants executed against him.

Plaintiff spent several hours being interrogated by Clifton Police, without knowing about the warrants. On August 19, 2005, plaintiff appeared before defendant Judge Marmo. He states that Judge Marmo did not make a probable cause determination and did not examine the warrants, which plaintiff alleges were executed without a factual basis or a judicial oath.

Plaintiff states that these actions violate his Fourth Amendment right to be free from unreasonable searches and seizures, his Fourteenth Amendment due process rights, and his right to remain silent, since he was interrogated without knowing that a warrant had been issued against him.

In July of 2007, plaintiff filed briefs in his ongoing state court criminal proceeding seeking to suppress the results of his

interrogation.  He has not been provided with a date for a suppression hearing.  Further, on August 14, 2007, his attorney recused herself from his case.

Plaintiff asks for monetary relief against six police officers and Judge Marmo.

Plaintiff's complaint is dated October 31, 2007, and was filed with the Clerk of the Court on November 2, 2007.

## DISCUSSION

**A.   Standard of Review**

This court must dismiss, at the earliest practicable time, certain prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant).

In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992).

**B.   Section 1983 Cases**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Liberally construing the complaint, plaintiff alleges a false arrest/false imprisonment claim, and a Fifth Amendment claim regarding self-incrimination.

## C.  False Arrest/ False Imprisonment Claim

Plaintiff argues that he has been arrested pursuant to invalid warrants.

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman). Indeed, the Supreme Court recently noted that, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007).

An arrestee could file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run,

5

however, only when the allegedly false imprisonment ends. Wallace, 127 S.Ct. at 1095-96.

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held <u>pursuant to such process</u> - when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by <u>wrongful institution</u> of legal process. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."

Wallace 127 S.Ct. 1096 (emphasis in original) (citations and footnote omitted).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.[1]  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury

---

[1] However, "the accrual date of a § 1983 cause of action is a question of federal law that is <u>not</u> resolved by reference to state law." Wallace v. Kato, 127 S.Ct. at 1095 (emphasis in original).

6

to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987). Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. See Wilson, 471 U.S. at 269.

   New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

7

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, according to the allegations of his complaint, plaintiff's claims against all defendants accrued no later than August 19, 2005, when he first appeared in front of Judge Marmo. Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law. Thus, plaintiff's false arrest/false imprisonment claims asserted in his complaint dated October 31, 2007, are untimely and must be dismissed with prejudice.[2]

D.  **Self-Incrimination Claims**

Plaintiff claims that he was interrogated in violation of his constitutional rights. He does not allege facts indicating

---

[2] Alternatively, the court notes that plaintiff has presented these issues to the state court in the course of his state criminal prosecution, and the issues remain pending. A federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971).

that any statements he made were used against him.  In fact, he alleges that his criminal case is pending.

It is well-established that <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), prohibits the government from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."  <u>Id.</u> at 444.  To be sure, <u>Miranda</u> requires that, prior to a custodial interrogation, police must warn a person that he has a right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be provided.  <u>See</u> <u>id.</u> at 479.

The problem with plaintiff's § 1983 <u>Miranda</u> claim is that "questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial."  <u>Renda v. King</u>, 347 F.3d 550, 557-58 (3d Cir. 2003); <u>see</u> <u>also</u> <u>Chavez v. Martinez</u>, 538 U.S. 760 (2003)(stating that: "Statements compelled by police interrogations of course may not be used against a defendant at trial, but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs.")(internal citations omitted).  Likewise, plaintiff has no free-standing Fifth Amendment claim for denial of counsel

9

during his interrogation.  See James v. York County Police Dep't, 160 Fed. Appx. 126, 133 (3d Cir. 2005); Guiffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir. 1994).  Accordingly, plaintiff's claims arising from the custodial interrogation will be dismissed because nothing alleged in the complaint supports an inference that plaintiff made a statement which was used against him to obtain a criminal conviction.  See Renda, 347 F.3d at 559 (right against self-incrimination not violated where police used statements obtained from a custodial interrogation where the plaintiff was not warned of his Miranda rights as a basis for filing criminal charges, but charges were later dismissed).

Nevertheless, even if plaintiff had been convicted of the charges he faces based upon the incriminating statement, plaintiff would have no claim for damages unless and until the criminal conviction against him is invalidated, either on direct appeal, collateral review, or by way of a federal habeas corpus petition.  See Heck v. Humphrey, 512 U.S. 477, 486 (1994).

Thus, Plaintiff's self-incrimination claims must be dismissed.

**E.  Claims against Judge Marmo**

Plaintiff claims that Judge Ronald Marmo of the Superior Court of New Jersey did not make a probable cause determination and did not examine the warrants pursuant to which plaintiff was arrested.

"On its face § 1983 admits no immunities." <u>Tower v. Glover</u>, 467 U.S. 914, 920 (1984).  Courts have recognized, however, a number of absolute and qualified immunities.

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity.  <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991).  Judicial immunity can be overcome only for actions not taken in a judicial capacity, or for actions taken in a complete absence of all jurisdiction.  <u>See</u> <u>id.</u>  Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity.  <u>See</u> <u>Forrester v. White</u>, 484 U.S. 219, 227 (1988).

Thus, the claims against Judge Marmo must be dismissed as he is immune from suit.

## CONCLUSION

For the reasons set forth above, plaintiff's claims will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.  An appropriate order follows.

/s/ Katharine S. Hayden  
KATHARINE S. HAYDEN  
United States District Judge

Dated: 12/5/07